1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MANUEL BLANCO,

11            Plaintiff,                    No. 2:09-cv-0629 FCD KJN P

12        vs.

13
     SACRAMENTO SHERIFF,
14   et al.,

15            Defendants.              ORDER

16   _____/

17            Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with

18   an action filed pursuant to 42 U.S.C. § 1983.  By order filed April 29, 2009, plaintiff's complaint

19   was dismissed with leave to file an amended complaint.  After receiving extensions of time,

20   plaintiff has filed an amended complaint.

21            The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

                                        1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

13  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

15  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

16  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

17  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

18  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

19  as true the allegations of the complaint in question,  id., and construe the pleading in the light

20  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

21    Plaintiff alleges that on March 25, 2008, the Sacramento Sheriff and Sacramento

22  Police Department came to his home to arrest him, during which he was allegedly "assaulted,

23  mistreated and abused" by the "Sac. Sheriff, Police, Sgt., Lt."  (Am. Compl. at 3.)  The only

24  named defendant is a "Griep B.," as Sheriff of Sacramento County.  However, in 2008, John

25  McGuinness was Sheriff of Sacramento County.  Moreover, plaintiff included no charging

26  allegations as to defendant "Griep B."  This court cannot evaluate plaintiff's claims against

1   defendant Griep unless he is adequately identified and the amended complaint contains

2   allegations specifically stating what actions he took that violated plaintiff's constitutional rights.

3          While plaintiff may state a claim cognizable in a civil rights action, a plaintiff

4   must connect each named defendant clearly with the claimed denial of his rights.  Farmer v.

5   Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault

6   requires that official know of and disregard an "excessive risk"); Johnson v. Duffy, 588 F.3d 740,

7   743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between

8   named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir.

9   1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions,

10  that show that an individual was personally involved in the deprivation of his civil rights.").

11         Plaintiff has named several Doe defendants in his amended complaint.  Plaintiff

12  was previously instructed that he must identify each defendant by name[1] in order to challenge

13  their actions on March 25, 2008.  (See April 29, 2009 Order.)  Plaintiff is informed that the court

14  is unable to order service of process without the names of specific defendants.  "As a general

15  rule, the use of "John Doe" to identify a defendant is not favored."  Gillespie v. Civiletti, 629

16  F.2d 637, 642 (9th Cir.1980).  Therefore, plaintiff must specifically name individual defendants

17  in his amended complaint along with a description of their position.[2]  Plaintiff must also

18  articulate the specific action each named defendant took that he alleges violated his constitutional

19  right.

20         Moreover, plaintiff's claims against the Sacramento County Sheriff and

21  Sacramento Police Department also fail to state a cognizable civil rights claim.  To allege a

22  § 1983 claim against a local governmental entity such as the Sheriff's Department or Police

23

24         [1] Plaintiff may find the names of the officers in the arrest report prepared after the
    incident on March 25, 2008.

25

26         [2] If plaintiff discovers the identity of an unnamed defendant in a timely fashion he may
    move to amend his complaint to add the newly discovered defendant.

3

1 Department, plaintiff must allege a constitutional deprivation and a policy, custom, or practice of

2 the municipality that was the "moving force" of the constitutional deprivation.  Monell v.

3 Department of Social Services, 436 U.S. 658, 694-95 (1978); Villegas v. Gilroy Garlic Festival

4 Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).

5 A local governmental entity such as the Sheriff's Department or Police

6 Department "may not be sued under § 1983 for an injury inflicted solely by its employees or

7 agents.  Instead, it is when execution of a government's policy or custom, whether made by its

8 lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

9 the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at

10 694.  Thus, a local governmental entity is not liable for the acts of its employees unless "the

11 action that is alleged to be unconstitutional implements or executes a policy statement,

12 ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or

13 unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom'

14 even though such a custom has not received formal approval through the body's official

15 decisionmaking channels."  Id. at 690-91.

16 Here, the amended complaint, is devoid of allegations regarding any official

17 policy, custom, or practice pursuant to which the Sheriff's deputies inflicted the allegedly

18 excessive force.  See Monell, 436 U.S. at 690-91.  Plaintiff, therefore, fails to state an excessive

19 force claim against the Sheriff's Department or the Police Department.

20 The court finds the allegations in plaintiff's amended complaint so vague and

21 conclusory that it is unable to determine whether the current action is frivolous or fails to state a

22 claim for relief.  The court has determined that the amended complaint does not contain a short

23 and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

24 flexible pleading policy, a complaint must give fair notice and state the elements of the claim

25 plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

26 Plaintiff must allege with at least some degree of particularity overt acts which defendants

1   engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

2   requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court

3   will, however, grant leave to file a second amended complaint.

4           If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

5   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

6   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

7   must allege in specific terms how each named defendant is involved.  There can be no liability

8   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

9   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

10  633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

11  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

12  268 (9th Cir. 1982).

13          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

15  amended complaint be complete in itself without reference to any prior pleading.  This is

16  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

18  original pleading no longer serves any function in the case.  Therefore, in a second amended

19  complaint, as in an original complaint, each claim and the involvement of each defendant must

20  be sufficiently alleged.

21          Finally, if plaintiff files an amended complaint, he must include in the caption the

22  names of each defendant against whom he is asserting a claim.  See Fed. R. Civ. P. 10(a); see

23  also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to

24  comply with court orders to name defendants in the caption).

25          In accordance with the above, IT IS HEREBY ORDERED that:

26          1.  Plaintiff's amended complaint is dismissed; and

5

1    2.  Within thirty days from the date of this order, plaintiff shall complete the

2 attached Notice of Amendment and submit the following documents to the court:

3    a.  The completed Notice of Amendment; and

4    b.  An original and one copy of the Second Amended Complaint.

5 Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

6 Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

7 complaint must bear the docket number assigned this case and must be labeled "Second

8 Amended Complaint"; failure to file a second amended complaint in accordance with this order

9 may result in the dismissal of this action.

10 DATED:  July 13, 2010

11

12

13            _____

14           KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE

15 blan0629.amd

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MANUEL BLANCO,

11            Plaintiff,              No. 2:09-cv-0629 FCD KJN P

12       vs.

13
     SACRAMENTO SHERIFF,
14   et al.,                          NOTICE OF AMENDMENT

15            Defendants.

16   _____/

17            Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19            _____     Second Amended Complaint

20   DATED:

21

22

23

24                                    _____
                                      Plaintiff
25

26

                                      7